ROBERT BRIAN BLACK 7659
BENJAMIN M. CREPS 9959
Public First Law Center
700 Bishop Street, Suite 1701
Honolulu, Hawai`i  96813
brian@publicfirstlaw.org
ben@publicfirstlaw.org
Telephone:  (808) 531-4000
Facsimile:  (808) 380-3580

Attorneys for Public First Law Center

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| IN RE:  PUBLIC FIRST LAW CENTER<br><br>        Movant. | MISC. NO. 25-00127<br>[CR NO. 19-00099 DKW-KJM]<br><br>MOTION TO UNSEAL DEFENDANT DELIA FABRO-MISKE'S SENTENCING MEMORANDUM [DKT. 1885]; and CERTIFICATE OF SERVICE |

**MOTION TO UNSEAL DEFENDANT DELIA FABRO-MISKE'S SENTENCING MEMORANDUM [DKT. 1885]**

## TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................ i

TABLE OF AUTHORITIES ......................................................................... II

I.   FACTUAL BACKGROUND ................................................................. 2

III. THE PUBLIC HAS A PRESUMED FIRST AMENDMENT RIGHT OF ACCESS TO SENTENCING DOCUMENTS. ............................................. 2

IV.  THE PUBLIC ALSO HAS A PRESUMED COMMON LAW RIGHT OF ACCESS TO COURT RECORDS, INCLUDING SENTENCING DOCUMENTS. ........................................................................................... 4

VI.  NOTHING SUPPORTS SEALING THE ENTIRETY OF THE SENTENCING MEMORANDUM. ............................................................ 5

CONCLUSION ................................................................................................ 7

# TABLE OF AUTHORITIES

**Cases**

*CBS, Inc. v. U.S. Dist. Ct.*, 765 F.2d 823 (9th Cir. 1985) ................................. 1, 2, 5

*Civil Beat Law Ctr. v. Maile*, 117 F.4th 1200 (9th Cir. 2024) ................................. 1

*Oregonian Publ'g Co. v. U.S. Dist. Ct.*, 920 F.2d 1462 (9th Cir. 1990) .............. 2, 3

*Phoenix Newspapers, Inc. v. U.S. Dist. Ct.*, 156 F.3d 940 (9th Cir. 1998) .......... 3, 5

*U.S. Indus., Inc. v. U.S. Dist. Ct.*, 345 F.2d 18 (9th Cir. 1965) ................................. 2

*United States v. Alcantara*, 396 F.3d 189 (2d Cir. 2005) ......................................... 3

*United States v. Biagon*, 510 F.3d 844, 848 (9th Cir. 2007) ................................... 2

*United States v. Bus. of the Custer Battlefield Museum & Store*, 658 F.3d 1188 (9th Cir. 2011) ............................................................................................................. 4, 5

*United States v. Doe*, 269 Fed. Appx. 626, 626 (9th Cir. 2008) .............................. 2

*United States v. Harris*, 890 F.3d 480, 492 (4th Cir. 2018) ..................................... 3

*United States v. Kravetz*, 706 F.3d 47 (1st Cir. 2013) .......................................... 2, 5

*United States v. Ochoa-Vasquez*, 428 F.3d 1015 (11th Cir. 2005) .......................... 3

*United States v. Rivera*, 682 F.3d 1223 (9th Cir. 2012) .......................................... 2

**Rules**

Rule 5.2 ....................................................................................................................... 1

Pursuant to the public right of access guaranteed by the First Amendment of the United States Constitution and the common law, and in accordance with Criminal Local Rule (Crim. LR) 5.2(b)(4), Public First Law Center (Public First) moves to unseal the sentencing memorandum and exhibits [Dkt. 1885] filed by Defendant Delia Fabro-Miske (Defendant) in *United States v. Michael J. Miske, Jr., et al.*, Cr. No. 19-00099 DKW-KJM.[1]

As both the Ninth Circuit "and the Supreme Court have recognized, the First Amendment grants the public a presumptive right to access nearly every stage of post-indictment criminal proceedings," including "post-conviction proceedings, as well as records filed in those criminal proceedings." *Civil Beat Law Ctr. for the Pub. Int., Inc. v. Maile*, 117 F.4th 1200, 1208 (9th Cir. 2024). This right extends to sentencing documents. *E.g.*, *CBS, Inc. v. U.S. Dist. Ct.*, 765 F.2d 823, 826 (9th Cir. 1985) (government not permitted to hide its position on a motion to reduce sentence). The positions taken by Defendant in advocating for adjustments or departures from the guidelines calculations or seeking to influence the Court concerning sentencing factors should not be shielded from public view.

---

[1] Unless otherwise specified, "Dkt." refers to the corresponding docket entry in *United States v. Miske*, No. 19-CR-99.

## I.     FACTUAL BACKGROUND

On January 12, 2024, pursuant to a written plea agreement, Defendant pleaded guilty to conspiring to violate racketeering laws. Dkt. 1245. On April 7, 2025, Defendant filed a sentencing memorandum under seal. Dkt. 1885. This Court will hold a public sentencing hearing on April 16, 2025 at 2:30 p.m.

## III.    THE PUBLIC HAS A PRESUMED FIRST AMENDMENT RIGHT OF ACCESS TO SENTENCING DOCUMENTS.

The Ninth Circuit has long recognized that the public rights of access extend to sentencing proceedings and related documents. *CBS, Inc.*, 765 F.2d at 825; *accord U.S. Indus., Inc. v. U.S. Dist. Ct.*, 345 F.2d 18, 22-23 (9th Cir. 1965) (pre-*Press Enterprise* case requiring unsealing of sentencing statement with redactions to protect the identity of grand jury witnesses); *Oregonian Publ'g Co. v. U.S. Dist. Ct.*, 920 F.2d 1462, 1466 (9th Cir. 1990) (plea agreements and related documents); *United States v. Biagon*, 510 F.3d 844, 848 (9th Cir. 2007) (sentencing hearing); *United States v. Doe*, 269 Fed. Appx. 626, 626 (9th Cir. 2008) (transcript of defendant's plea colloquy; government offered no compelling reason to seal references to defendant's cooperation); *see also United States v. Rivera*, 682 F.3d 1223, 1228 (9th Cir. 2012) (articulating the value of open proceedings for sentencing).[2]

---

[2] In this regard, the Ninth Circuit is no outlier. *E.g.*, *United States v. Kravetz*, 706 F.3d 47, 56-59 (1st Cir. 2013) (sentencing memoranda and support letters); *United*

2

Here, Defendant submitted her sentencing memorandum under seal. Dkt. 1885. Such submission falls squarely within the public rights of access.

When the First Amendment right of access applies, the party seeking closure bears the burden to "present facts supporting closure and to demonstrate that available alternatives will not protect his [or her] rights." *Oregonian Publ'g Co.*, 920 F.2d at 1467. Defendant thus has the burden to prove that: "(1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest." *Phoenix Newspapers, Inc. v. U.S. Dist. Ct.*, 156 F.3d 940, 949 (9th Cir. 1998). The findings may not be based on "conclusory assertions." *Id*.

Defendant has not met her burden. Defendant failed to file a motion to seal her sentencing memorandum. *See* Crim. LR 5.2 (requiring motion to seal). Nor has she provided sufficient public justification to overcome the First Amendment right of access to the sentencing memorandum.

---

*States v. Alcantara*, 396 F.3d 189, 196-99 (2d Cir. 2005) (sentencing hearing); *United States v. Harris*, 890 F.3d 480, 492 (4th Cir. 2018) (public right of access to sentencing memoranda); *Hearst Newspapers, L.L.C. v. Cardenas-Guillen*, 641 F.3d 168, 176-81 (5th Cir. 2011) (sentencing hearings); *United States v. Eppinger*, 49 F.3d 1244, 1252-53 (7th Cir. 1995) (sentencing documents); *United States v. Ochoa-Vasquez*, 428 F.3d 1015 (11th Cir. 2005) (sentencing memoranda).

3

## IV. THE PUBLIC ALSO HAS A PRESUMED COMMON LAW RIGHT OF ACCESS TO COURT RECORDS, INCLUDING SENTENCING DOCUMENTS.

The Ninth Circuit has recognized a few criminal court records that are not subject to the common law right of access "because the records have traditionally been kept secret for important policy reasons." *United States v. Bus. of the Custer Battlefield Museum & Store*, 658 F.3d 1188, 1192 (9th Cir. 2011). Those categorically exempt records include grand jury proceedings and warrant materials *during pre-indictment investigation*. *Id.* For all other judicial records, including sentencing documents, "a strong presumption in favor of access is the starting point." *Id.* at 1194; *see also United States v. Harris*, 890 F.3d 480, 492 (4th Cir. 2018) (applying common law right of access to sentencing memorandum); *United States v. Kravetz*, 706 F.3d 47, 56-59 (1st Cir. 2013) (sentencing memoranda and letters submitted in support were judicial records subject to the common law presumption of public access).

For the common law analysis, the "party seeking to seal a judicial record then bears the burden of overcoming this strong presumption" by "articulating compelling reasons" that "outweigh the general history of access and the public policies favoring disclosure." *Id.* at 1194-95. The court must balance the competing interests and "base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* at

4

1195. "[T]he court may not restrict access to the documents without articulating both a compelling reason and a factual basis for its ruling." *Id.* at 1196.

Defendant has not provided sufficient public justification to overcome the common law right of access to the sentencing memorandum.

## VI. NOTHING SUPPORTS SEALING THE ENTIRETY OF THE SENTENCING MEMORANDUM.

Even if there was a compelling interest here and substantial probability that disclosure would harm such an interest, the scope of sealing must be narrowly tailored to address the purported harm. There must be no other less drastic alternative to sealing the entire sentencing memorandum. *E.g., Phoenix Newspapers*, 156 F.3d at 950-51. The Court must articulate with specific facts why other alternatives will not suffice. *Id*. (holding insufficient the court's conclusory observation concerning redactions "that so much of the transcript would have to be redacted that the remaining portion would be unintelligible and/or would shed little, if any, light on the proceeding.").

Public First seeks to unseal Defendant's *advocacy* concerning sentencing – position statements about sentencing factors, guideline adjustments, and departures. *E.g.*, *CBS, Inc.*, 765 F.2d at 826 ("The government and the trial court here went so far as to assert that the government's interests would be threatened if even its position of support or opposition to the [sentence reduction] motion were made known. That idea is as remarkable as it is meritless."); *Kravetz*, 706 F.3d at

5

56 ("the substance of the parties' arguments for or against an outcome, are clearly relevant to a studied determination of what constitutes reasonable punishment."). Nothing justifies hiding disputes or arguments for a reduced sentence in Defendant's sentencing memorandum.[3]

If there are articulable compelling interests for sealing portions of the memorandum or its exhibits, the appropriate alternative would be narrowly tailored redactions to address the specific compelling interests. Another alternative would be courthouse-only access. *E.g.*, *In re: Public First Law Center*, 22-MC-48, Dkt. 7 (permitting courthouse only access to juror questionnaires); *accord* Task Force on Protecting Cooperators, *Final Report of the Task Force on Protecting Cooperators* at 10-15 (Aug. 2018) (courthouse only access would make the fact of a defendant's cooperation less obvious while not unduly restricting public access). Sealing the entire document—especially without any motion to seal—is unwarranted.

---

[3] This Court and other judges in this District addressed this issue and ordered disclosure of sentencing memoranda. *E.g.*, *In re Civil Beat Law Ctr. for the Pub. Interest*, 22-MC-146 DKW-RT, Dkt. 7 (Arthur Brun); *Civil Beat Law Ctr. for the Pub. Interest v. Sellers*, 22-MC-124 JMS-RT, Dkt. 7; *Civil Beat Law Ctr. for the Pub. Interest v. Nguyen*, 20-MC-165 JMS-WRP, Dkt. 10; *United States v. Kealoha*, 17-CR-582 JMS-WRP, Dkt. 981, 983, 984, 985, 986.

## CONCLUSION

Based on the foregoing, the Public First respectfully requests that the Court unseal and Defendant's sentencing memorandum [Dkt. 1885].

DATED: Honolulu, Hawai`i, April 7, 2025

        /s/ Benjamin M. Creps
        ROBERT BRIAN BLACK
        BENJAMIN M. CREPS
        Attorney for Public First Law Center

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAI`I

| IN RE: PUBLIC FIRST LAW CENTER,<br><br>Movant. | MISC. NO. 25-00127<br>[CR NO. 19-00099 DKW-KJM]<br><br>CERTIFICATE OF SERVICE |
|---|---|

## CERTIFICATE OF SERVICE

I hereby certify that, on the dates and by the methods of service noted below a true and correct copy of the foregoing will be served on the following at their last known addresses:

Served electronically on April 7, 2025:

| Myles S. Breiner | admin@breinerlaw.net, julius@breinerlaw.net, kenneth@breinerlaw.net, kyle@breinerlaw.net, myles@breinerlaw.net, sean@breinerlaw.net |
|---|---|
| William A. Harrison | william@harrisonlawcenter.com, tess@harrisonlawcenter.com |
| Mark R. Zenger | mrz@richardsandzenger.com |
| Kenneth M. Sorenson | ken.sorenson@usdoj.gov, USAHI.ECFNarcotics@usdoj.gov, caseview.ecf@usdoj.gov, kari.sherman@usdoj.gov |
| Walter J. Rodbey | attorneyrodby@msn.com |
| William C. Bagasol | attorneybagasol@outlook.com |
| Marcia A. Morrisey | morrisseyma@aol.com |
| Lynn E. Panagakos | lynnpanagakos@yahoo.com, crjmk4@gmail.com, joyuen808@gmail.com |
| William L. Shipley, Jr. | 808Shipleylaw@gmail.com, ryan@808shipleylaw.com |
| Cynthia A. Kagiwada | c_kagiwada@hotmail.com |

| Mark A. Inciong | mark.inciong@usdoj.gov, CaseView.ECF@usdoj.gov, USAHI.ECFNarcotics@usdoj.gov, kari.sherman@usdoj.gov, tiani.kaneakua@usdoj.gov |
|---|---|
| Donovan Asao Odo | donovan.a.odo@gmail.com |
| Michael David Nammar | michael.nammar@usdoj.gov, CaseView.ECF@usdoj.gov, rae.ann.unten@usdoj.gov, tiani.kaneakua@usdoj.gov |
| Christian G. Enright | christian@enrightlawhawaii.com |
| Andrew M. Kennedy | Andrew@kona-lawyer.com, janelle@kona-lawyer.com, leana@kona-lawyer.com |
| Andrew E. L. Strand | andrew@breinerlaw.net |
| Matthew Dennis Mannisto | MannistoLaw@gmail.com, Matt@MannistoLaw.com |
| Sean Patrick Fitzsimmons | sfitzsimmons@tpm-hawaii.com, sean@breinerlaw.net |
| Sydney Spector | sydney.spector@usdoj.gov, CaseView.ECF@usdoj.gov, Courtney.kinoshita@usdoj.gov, Hasbleidy.Trujillo.de.Rojas@usdoj.gov, Jane.Pascual@usdoj.gov, Myra.Peterson@usdoj.gov, Saundra.Ramirez@usdoj.gov, USAHI.ECFCivil@usdoj.gov, ann.yuuki@usdoj.gov, sooyoun.kim@usdoj.gov |
| David Hendrickson | david@themilitarydefenselawyer.com |
| Gary K. Springstead | gary@sbbllaw.com, darrah@sbbllaw.com |
| Craig S. Nolan | craig.nolan@usdoj.gov, CaseView.ECF@usdoj.gov, collin.vickers@usdoj.gov, kari.sherman@usdoj.gov, rowena.kang@usdoj.gov |
| Heath M. Lynch | heath@sbbllaw.com |
| Tessa K. Muir | tessa@sbbllaw.com |
| Kathryn M. Springstead | athy@sbbllaw.com |

| Nicole E. Springstead-Stolte | nicole@sbbllaw.com |
|---|---|
| Caroline Elliot | cme@carolineelliot.com, carmenlgarcia725@gmail.com, haa@carolineelliot.com, senddy@carolineelliot.com |
| William KeAupuni Akina | keaupuni.akina@usdoj.gov, CaseView.ECF@usdoj.gov, rae.ann.unten@usdoj.gov, tiani.kaneakua@usdoj.gov |
| Michael Jerome Kennedy | michael@mjkennedylaw.com |
| Aislinn Affinito | Aislinn.Affinito@usdoj.gov, CaseView.ECF@usdoj.gov, melena.malunao@usdoj.gov, rae.ann.unten@usdoj.gov |
| Clare Connors | clare.connors@usdoj.gov, cheri.abing@usdoj.gov |
| Ramiro Salazar Flores, Jr. | abogadoflores@msn.com |

DATED:  Honolulu, Hawai`i, April 7, 2025

                                          /s/ Benjamin M. Creps
                                          BENJAMIN M. CREPS
                                          Attorney for Movant
                                          Public First Law Center